UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NYWANNA A. COLLINS, an
individual

    Plaintiff,

V.                                             Case No: 2:11-CV-528-FtM-29SPC

WORLEY CATASTROPHE
RESPONSE, LLC and WORLEY
CATASTROPHE SERVICES

    Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff, Nywanna A. Collins' Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories Propounded upon Defendants and Plaintiff's First Request for Production of Documents (Doc. #33) filed on March 30, 2012. Defendants filed their Memorandum in Opposition to Plaintiff's Motion to Compel (Doc. #34) on April 13, 2012. Thus, the Motion is now ripe for review.

    **I.**     **Background**

Defendants Worley Catastrophe Response, LLC and Worley Catastrophe Services, LLC ("WCS") provides catastrophe response services, which include professional claims adjusters to investigate, evaluate, and adjust losses caused by natural disasters and environmental events. WCS, which employs the adjusters, provided adjusters to handle claims arising out of the April

20, 2010 explosion on the Deepwater Horizon offshore oil rig (the "BP Project"). Plaintiff Nywanna A. Collins was employed by Defendants as a claims adjuster for the BP Project. During her tenure on the BP Project, Plaintiff was employed in both the Key Largo, Florida field office and the Naples, Florida field office. Plaintiff was employed on the BP Project (and with WCS) from June 26, 2010 until approximately September 17, 2010.

Plaintiff asserts three types of claims arising out of her employment as a claims adjuster with WCS on the BP Project and separation of employment: (1) alleged race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) ("Title VII") and the Florida Civil Rights Act of 1992, as amended (§ 760.01 Fla. Stat. et seq.) ("FCRA"); (2) alleged sex discrimination pursuant to Title VII and FCRA; and (3) purported unlawful retaliation based on Plaintiff's alleged complaint(s) of unlawful discrimination pursuant to Title VII and FCRA. (Doc. #30, Amended Complaint, ¶¶ 1, 9-10, 14).

On or about December 22, 2011, Plaintiff's First Set of Interrogatories and First Request for Production of Documents were served on Worley's counsel. These discovery requests were propounded solely to WCR, as Plaintiff had not yet filed her Amended Complaint naming WCS as a Defendant. Defendant asserts that in order to simplify matters and as a professional courtesy, Worley offered to respond to these discovery requests on behalf of both WCR and WCS, and Plaintiff granted Defendants a brief extension of time in which to do so. On February 10, 2012, Worley served timely and what it thought was complete responses to Plaintiff's discovery requests. Plaintiff was unsatisfied with Worley's responses, so the Parties exchanged

a series of letters addressing purported discovery deficiencies. The Parties were unable to resolve the issues; therefore, Plaintiff filed the instant Motion with the Court.

II. **Discovery Requests**

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. Id. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it

3

might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

Plaintiff asks this Court to compel Defendants to answer Interrogatory No. 4 from the Plaintiff's First Set of Interrogatories Propounded upon Defendant and to produce all documents requested in certain of Plaintiff's First Request for Production, including Plaintiff's rephrased Request for Production No. 39. The Court will consider each Request in turn.

### A. Request for Response to Interrogatory No. 4

**Interrogatory No. 4:** Identify each current or former employee that the Defendant or the Defendant's legal representative has spoken to regarding the allegations raised in this lawsuit, and the allegations raised in the EEOC charging document. As to each person identified, please state the individual's name and current address, the dates of the conversation(s), the substance of the conversation, and whether you or your representative have obtained an affidavit or statement of any kind from any such person in connection with this case.

**Defendants' Response:** Defendants object to Interrogatory No. 4 on the grounds that it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is covered by the attorney-client and/or work product doctrine.

Plaintiff argues that Interrogatory Number 4 seeks relevant information, as it specifically requests information regarding the allegations raised in this lawsuit, and to the extent that Defendants are claiming attorney-client privilege in response to this Interrogatory, Plaintiff has requested that Defendants provide a privilege log. In response, Defendants assert that they have already provided the information relevant to this Interrogatory as they have produced a number of documents that provide this information. Defendants indicate in their Brief that Worley produced a memorandum from Allen Carpenter to Mike Worley entitled Nywanna Collins

Complaint Findings which describes the actions taken in Mr. Carpenter's investigation of Plaintiff's formal complaint of mistreatment. Therein, Mr. Carpenter explained that he spoke with Ms. Collins, Mr. Bauman, and Ms. Crosby concerning Plaintiff's allegations. Bauman was asked to prepare a written statement regarding his knowledge of Plaintiff's accusations, which was also previously produced to Plaintiff. Later, additional issues regarding Plaintiff were brought to Mr. Carpenter's attention, and he again detailed his actions in a memorandum entitled Nywanna Collins Follow-Up. Therein, Mr. Carpenter indicated that he conferred with Mr. Wiley regarding Plaintiff's initial request for time off work, Ms. Crosby when Plaintiff failed to show up for work, and Mr. Snider concerning the Company's policies and procedures. Additionally, in Worley's response to the EEOC concerning Plaintiff's charge of discrimination, there is a list of those employees who were interviewed by the Company regarding or informed of Plaintiff's allegations: Mr. Bauman, Mr. Crosby, Mr. Snider, Mr. Carpenter, Darryl Martin, and Mr. Worley.

The Court finds that Defendants' response to this Interrogatory is complete and sufficient as Defendants indicate that they have complied with the mandatory requirements of Federal Rule 26(a)(1) and provided Plaintiff with the names of the individuals who may have knowledge or information that supports Defendants' defenses and a description of that information. Worley also represents that it is not aware of any other statements or affidavits. Therefore, Plaintiff's Motion to compel this Request is due to be denied.

5

B. **First Request for Production of Documents**

> **Request No. 16:** Please produce any and all documents that relate or pertain to Mr. John Bauman's attendance record while employed by Defendant, including, but not limited to, time cards and computerized time sheets.
>
> **Defendants' Response:** Defendants object to Request for Production No. 16 as overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's first contention with this objection is that it is a general, blanket objection to a specific request. Plaintiff also takes the position that this Request is relevant to this lawsuit, as it seeks information directly applicable to Defendants' damages. Plaintiff argues that she is claiming that she was continuously harassed by Bauman and that if Bauman was consistently present at work, this would be relevant to her allegation and that this information is usually contained in a personnel file. Furthermore, Plaintiff argues that if Bauman took more time off work and did not receive reductions in pay, counseling, etc., then this would illustrate a pattern of disproportionate treatment towards Plaintiff.

Defendants' response indicates that Plaintiff's request is overly broad because it fails to provide a temporal scope, and thus, is not limited to Bauman's attendance record while employed on the BP Project or while Plaintiff was actually employed. Moreover, Plaintiff was only employed at the same field office as Bauman for less than one month, yet Plaintiff seeks his attendance records for his entire employment with WCS. Defendants also argue that Plaintiff has failed to articulate why Bauman's time sheets are relevant as Worley has taken the position that Bauman was not at work on any of the dates of the alleged harassment. Defendants finally

6

note that Bauman's time records are not kept in his personnel file, so they were not produced as part of his personnel file.

While Plaintiff's reasoning with regard to relevancy is not well taken, the Court nonetheless finds that because Defendants have indicated that they are taking the position that Bauman was not at work on any dates of the alleged harassment, the motion to compel his time sheets is due to be granted. But the Court will limit the temporal scope of production. Plaintiff was employed with Worley from June 26, 2010 until approximately September 17, 2010. Therefore, the Request is limited in time to June 26, 2010 to September 17, 2010.

> **Request No. 35:** Please produce any and all Correspondence or other written communications between the Plaintiff and Mr. John Bauman regardless of the medium.
>
> **Defendants' Initial Response:** Defendants object to Request for Production No. 35 to the extent that it is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **Defendants' Supplemental Response:** Defendants object to Request for Production No. 35 to the extent that it is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving, in the spirit of discovery, Defendants direct Plaintiff to D-00601 to D-01115, which are email communications between Ms. Collins and some of her supervisors and contain email communications to and from Ms. Collins and Mr. Bauman.

Plaintiff argues that Defendants' Supplemental Response is vaguely worded as to which documents they have actually produced, and that as worded, it is unclear if Defendants produced some of the requested documents or all of them. Defendants respond that Worley has produced all email communications between Plaintiff and Bauman and that it is not aware of any other form of communication between Bauman and Plaintiff. Therefore, based on Worley's

representations to the Court, the Court finds that this Request is due to be denied as moot as the requested documents have been produced.

**Request No. 38:** Please produce any and all correspondence or document(s) which mention, discuss, or refer to Plaintiff.

**Defendants' Initial Response:** Defendants object to Request for Production No. 38 to the extent it is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants are in the process of searching for and compiling responsive, non-privileged documents that relate to Plaintiff's claims and/or Defendants' defenses, which will be produced when they are available.

**Defendants' Supplemental Response:** Defendants object to Request for Production No. 38 as to the extent that it is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants refer Plaintiff to Plaintiff's acknowledgment of the Company's Harassment Policy Statement (D-00022), Sign-In Sheets for Safety/Loss, Control Manual Reviews in both the Key Largo and Naples field offices (D-00207 to D-00208), various emails related to Plaintiff's formal complaint and a copy of her complaint (D-00160 to D-00171), the statement from Jay Bauman (D-00173), the Nywanna Collins Complaint Findings and Follow-Up (D-00174 to D00175) and D-00190), letter from Herb Carver to Nywanna Collins dated June 20, 2010 (D-00019). Confidentiality Agreement signed by Nywanna Collins (D-00021), IT Policy Receipt signed by Nywanna Collins (D-0023), Handwritten Statement signed by Nywanna Collins and dated July 30, 2010 (D-00162), Email Chain between Allen Carpenter and Nywanna Collins dated July 31, 2010 through August 2, 2010 (D-0017), Formal Harassment Complaint dated August 2, 2010 (D-00160 to D-00161), an email entitled Continuation from the Formal Complaint Form from Nywanna Collins to Allen Carpenter dated August 2, 2010 (D-00163 to D-00164), and email UPDATED TIME OFF REQUEST RELEASE from Nywanna Collins to Tom Wiley dated August 10, 2010 (D-00279), Fire Extinguisher Training Sign-In Sheet for Naples, Florida dated September 1, 2010 (D-00221), an email chain between Allen Carpenter, Bettina Crosby, and Van Snider dated September 2, 2010 (D-00178 to D-00182), Notice of Action dated September 2, 2010 (D-00183), an email entitled Day off due to incident from Bettina Crosby to Van Snider, copying Nywanna Collins and Allen Carpenter dated September 4, 2010 (D-00177), Email entitled Employee incident from Bettina Crosby to Allen Carpenter dated September 4, 2010 (D-0076), an email entitled Incident Report Nywanna (sic) Collins from Bettina Crosby to Allen Carpenter dated September

4, 2010 with incident report attached (D-00188), Incident Report by Van Snider dated September 4, 2010 (D-00186), Incident Report by Richard R. Collins dated September 4, 2010 (D-00187), Plaintiff's personnel file (D-0001 to D-0050), Plaintiff's "companion" file (D-00250), Plaintiff's Florida DFS Test Results (D-00387), Plaintiff's Answer Sheet for Worley Auto Test (D-00388), Plaintiff's Answer Sheet for Construction Competency Test (D-00389 to D-00390), Plaintiff's payroll records for her employment by WCS on the BP Project (D-00267 to D-00275 and D-00276 to D-00278), copies of Plaintiff's W-2 and 1099 for her employment by WCS on the BP Project (D-00265 and D-00266), Plaintiff's time sheets for her employment by WCS on the BP Project (D-00252 to D-00264), email communications between Plaintiff and Bettina Crosby, Roddrick Miller, Darryl Martin, Allen Carpenter, Van Snider, Rich Collins, Tom Wiley, and Jay Bauman (D-00601 to D-01115), and any other documents that may be produced in this litigation in response to a request for production or initial disclosure obligation that refers to Plaintiff.

Plaintiff argues that Defendants have provided a list of documents but have failed to state if these are all of the documents that exist with respect to this Request in their Supplemental Response, and Plaintiff is thus unsure if she has indeed received all documents requested. Plaintiff requests that this Court compel Defendants to produce all of the requested documents in their entirety. Defendants respond that it has produced all relevant documents that do more than merely "mention" Plaintiff or list Plaintiff's name that it has in its possession.

The Court finds that based on the representations made by the Parties regarding this Request that Defendants have complied with their obligations under the Federal Rules in response to this Request. Therefore, the motion to compel Request Number 38 is due to be denied.

> **Request No. 39:** Please produce all electronic information stored on computers and hand-held devices, including e-mails and text messages that relate in any way to the allegations raised in the complaint and/or the EEOC Charging document.
>
> **Defendants' Initial Response:** Defendants object to Request for Production No. 39 to the extent it is overly broad, irrelevant, and not reasonably calculated to lead

9

to the discovery of admissible evidence. Defendants also object to the scope of this Request because it is not limited to the "computers and hand-held devices" of any individuals in particular, but purportedly requires a search of each and every computer and hand-held devices, presumably of any employee of either Defendant. Subject to and without waiving these objections, Defendants refer Plaintiff to the documents contained in Plaintiff's companion file, attached as D-0051 to D-00250, which contains documents regarding Defendants' investigation into Plaintiff's allegations, the response and position statement submitted to the EEOC by Defendants, and the handwritten statement by Jay Bauman.

**Defendants' Supplemental Response:** Defendants object to Request for Production No. 39 to the extent it is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to the scope of this Request because it is not limited to the "computers and hand-held devices" of any individuals in particular, but purportedly requires a search of each and every computer and hand-held devices, presumably of any employee of either Defendant. Subject to and without waiving these objections, Defendants refer Plaintiff to the documents contained in Plaintiff's companion file, attached as D-0051 to D-00250, which contains documents regarding Defendants' investigation into Plaintiff's allegations, the response and position statement submitted to the EEOC by Defendants, and the handwritten statement by Jay Bauman, and email communications between Plaintiff and Bettina Crosby, Roddrick Miller, Darryl Martin, Allen Carpenter, Van Snider, Rich Collins, Tom Wiley, and Jay Bauman (D-00601-D-01115).

Plaintiff argues that Defendants have failed to produce adequate responses to this Request as the employees Plaintiff listed in this Request are all those "up the chain" that a complaint regarding discrimination would have travelled, and thus each of these employees would have had exposure to the allegations raised in this case. Defendants respond that there is no legitimate or relevant reason Plaintiff should be entitled to discover emails or text messages from the employees employed in either the Key Largo or Naples field offices. As discussed in its Brief, Worley has already produced the emails of her managers in those offices (Jay Bauman, Tom Wiley, Van Snider, and Richard Collins). Defendants assert that the other employees in these field offices were employed as claims adjusters, which is a non-managerial position. And that

10

these other employees could not bind the Company, such that their opinions or communications regarding Plaintiff's allegations have no bearing on this litigation. Defendants cite that Plaintiff has not alleged that any of her non-managerial co-workers mistreated her or subjected her to any discrimination or harassment. Plaintiff has not asserted any claims regarding co-worker harassment, either. Therefore, Defendants argue that all relevant and discoverable documents have already been produced in response to this Request. Defendants also argue that Plaintiff's Request is overly broad in its temporal scope.

The Court finds that based on the representations made by the Parties regarding this Request that Defendants have complied with their obligations under the Federal Rules in response to this Request. Therefore, the motion to compel Request Number 39 is due to be denied.

> **Request No. 48:** Please produce all correspondence or recorded communication between Defendant and the Plaintiff, regardless of the medium.
>
> **Defendants' Response:** Defendants object to Request for Production No. 48 as overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that she has alleged that Bauman harassed her and often subjected her to discrimination based on sex/gender and race and thus communications between both Parties will likely lead to the discovery of relevant evidence. Defendants counter that Worley has produced email communications between and among Plaintiff and Bettina Crosby, Roddrick Miller, Darryl Martin, Allen Carpenter, Van Snider, Rich Collins, Tom Wiley, and Jay Bauman concerning Plaintiff's allegations in this litigation and that Plaintiff's Request as worded potentially seeks communications that are irrelevant to the claims at issue. Defendants also note that it is unclear
11

whether Plaintiff seeks correspondence between Defendants' employees and Plaintiff, or whether Plaintiff is referring to the corporate entities themselves.

Defendants' objections are well taken as the Court finds that as worded, this Request is vague and overly broad and could potentially include information that is irrelevant to her claims as it is not clear whether the Plaintiff is requesting communications between Defendants' employees or the Defendants as entities. Therefore, the motion to compel this Request is due to be denied, but Plaintiff may re-submit a revised Request Number 48 to Defendants that is specific.

> **Request No. 53:** Please produce any reservation of right letter(s) that Defendant's (sic) insurance policy has in place regarding the above-captioned case.
>
> **Defendants' Response:** Defendants object to Request for Production No. 53 on the grounds that it seeks information this is irrelevant.

Plaintiff disputes Defendants' assertion that this request is irrelevant and argues that even though Defendants have provided Plaintiff with a copy of their insurance policy, Fed.R.Civ.P. 26(a)(1)(A)(iv) requires that a party make available "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In response, Defendants state that pursuant to its mandatory obligation under the Federal Rules of Civil Procedure, Worley provided Plaintiff with a copy of the pertinent insurance policy. Fed. R. Civ. P. 26(a)(1)(A)(iv), and that Worley has produced all pertinent insurance-related documents and does not have possession of any others, including a reservation of rights letter.

Therefore, based on the representations made by Defense Counsel, the Court finds that the motion to compel Request Number 53 is due to be denied as moot as the requested documents have already been produced to Plaintiff.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories Propounded upon Defendants and Plaintiff's First Request for Production of Documents (Doc. #33) is **GRANTED in part and DENIED in part**.

(1) Plaintiff's motion to compel response to Interrogatory Number 4 is **DENIED**.

(2) Plaintiff's motion to compel response to First Request for Production Number 16 is **GRANTED** but limited in temporal scope to June 26, 2010 – September 17, 2010.

(3) Plaintiff's motion to compel response to First Request for Production Numbers 38, 39, and 48 are **DENIED**.

(4) Plaintiff's motion to compel response to First Request for Production Numbers 35 and 53 are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this __26th__ day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

13