UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NYWANNA A. COLLINS, an
individual,

    Plaintiff,

V.                                          Case No: 2:11-CV-528-FtM-29SPC

WORLEY CATASTROPHE
RESPONSE, LLC and WORLEY
CATASTROPHE SERVICES,

    Defendants.

_____/

## ORDER

This matter comes before the Court on Defendants' Motion for Reconsideration of Order on Plaintiff's Motion to Compel (Doc. #37) filed on April 30, 2012. Plaintiff's Response to Defendants' Motion for Reconsideration of Order on Plaintiff's Motion to Compel (Doc. #38) was filed on May 14, 2012. The Motion is now ripe for review.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem,

Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

On April 26, 2012, thie undersigned entered an Order (Doc. #36) granting in part and denying in part Plaintiff's Motion to Compel Defendants' Reponses to Plaintiff's First Set of Interrogatories Propounded upon Defendants and Plaintiff's First Request for Production of Documents. In its Order, the Court found with regard to Request for Production No. 16 that because Defendants are taking the position that Bauman was not at work on any dates of the alleged harassment, the motion to compel his time sheets was due to be granted. Defendants

move for the Court to reconsider this finding by informing the Court – as noted in their original response (Doc. #34) – that they are **not** asserting any sort of defense based on Bauman's attendance. Plaintiff states in opposition to the motion for reconsideration that Bauman's attendance records are relevant to her claims. The Court already addressed Plaintiff's relevancy argument in its original Order and found that it was not well taken. (Doc. #36, p. 7). Thus, the Court's original findings on relevancy will not be disturbed. A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1.

The Court notes that its previous read of Defendants' opposition brief (Doc. #34) was in error and its Order misstated Defendants' position. Thus, The Court finds that the Motion to Reconsider is due to be granted as there is a need to correct clear error or prevent manifest injustice.

Accordingly, it is now

**ORDERED:**

Defendants' Motion for Reconsideration of Order on Plaintiff's Motion to Compel (Doc. #37) is **GRANTED**. Plaintiff's motion to compel response to First Request for Production Number 16 is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th Day of May, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record